UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LASHON CURTIS, <br><br> Plaintiff, <br><br> v. <br><br> COOK COUNTY, ILLINOIS, <br><br> Defendant. | No. 18 CV 5783 <br><br> Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff LaShon Curtis, an inmate at Cook County Jail, alleges that a scheduling policy and staffing deficiency at the jail's dental facility caused him to endure a significant delay before receiving treatment for an abscessed tooth. Defendant Cook County moves to dismiss, arguing that a federal monitor's report demonstrates that the facility was not deliberately indifferent to his needs and that Curtis has failed to allege facts showing a widespread policy or custom.

**I.  Legal Standards**

A complaint must contain a short and plain statement of factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, a court must accept all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but the court need not accept legal conclusions or conclusory allegations. *Id.* at 680–82. A complaint must "contain either direct or inferential allegations respecting all the

material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007).

**II.    Facts**

Plaintiff LaShon Curtis, an inmate at the Cook County Jail, developed a toothache in late February of 2018. [1] ¶ 2; [17] at 94–95.[1] He submitted a "Health Service Request Form" to the nursing staff at the Residential Treatment Unit of the jail on February 27, 2018, and reported swelling and severe pain. [1] ¶¶ 4, 8; [17] at 94–95. Curtis was not evaluated by a dentist (Dr. Khan) until March 19, 2018, at which point he was diagnosed with an abscessed tooth and told to return for an extraction. [17] at 2. Dr. Khan did not extract Curtis's tooth until April 4, 2018, thirty-six days after Curtis filed his first request and sixteen days after he was diagnosed. [17] at 3.

Curtis alleges that the delay was the result of policies and a staffing deficiency at the jail. According to the complaint, Cook County requires that the nursing staff either fax or scan a copy of each health service request form to the divisional dental clinic, and that, upon receipt, the dental assistants at the clinic have the sole responsibility for reviewing the forms and scheduling appointments. [1] ¶¶ 6–7. Curtis alleges that these policies, coupled with insufficient staffing and the dental assistants' inability to diagnose and assess pain, were the "moving force" behind his

---

[1] Bracketed numbers refer to entries on the district court docket. The facts are taken from the complaint, [1], Curtis's response to Cook County's motion to dismiss, [17], and attachments thereto. *See infra,* § III.A.

2

prolonged suffering, and amounted to a violation of his Fourteenth Amendment rights. *Id.* ¶¶ 17–19, 22.

Curtis also alleges that administrators at Cook County have known about the delays for years. [1] ¶ 15. According to his complaint, in 2013, the Cook County Director of Oral Health wrote in an email that the "[c]urrent process" for scheduling "is inefficient" and that "[r]eturn appointments as well as grievances, [health service request forms], etc are not being scheduled appropriately." [1] ¶ 16. And in response to Cook County's motion to dismiss, Curtis attached a deposition transcript (apparently from Dr. Khan's deposition in another case) that included portions of testimony tending to suggest that the dental unit at Cook County was not sufficiently staffed to treat patients complaining of dental pain in a timely manner. *Id.* ¶ 17; [17] at 58. He also attached an email wherein Dr. Khan stated that, because of the high demand for care in the division and the lack of adequate staffing, it was "impossible" to provide the standard of care. [17] at 91.

### III. Analysis

#### A. Facts Considered

Normally, a court must convert a motion to dismiss to one for summary judgment if it considers matters "outside the pleadings." Fed. R. Civ. P. 12(d). There are two pertinent exceptions. First, when opposing a Rule 12(b)(6) motion, a plaintiff "may submit materials outside the pleadings to illustrate the facts the [plaintiff] expects to be able to prove," so long as those "new elaborations" are consistent with the complaint. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012);

*Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 399 (7th Cir. 2018). *See also Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 79 (7th Cir. 1992) ("a plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint"); *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 640 n.1 (7th Cir. 2015). Second, a court may consider judicially noticed facts. *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). *See also* Fed. R. Evid. 201(b).

The first exception applies to the materials and facts submitted with Curtis's response to Cook County's motion to dismiss, insofar as those materials and facts are consistent with the allegations in the complaint. *See* [17] at 10–109; *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 79 (7th Cir. 1992).

The second exception does not apply because I decline to take judicial notice of the federal monitor reports submitted in *United States v. Cook County*, 10-cv-2946 (N.D. Ill. 2010). *See* [12] at 3–7; 11–12. The contents of the federal monitor's reports are neither "generally known" within this court's jurisdiction nor indisputable. Fed. R. Evid. 201(b). *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("[i]n order for a fact to be judicially noticed, indisputability is a prerequisite"). For example, Cook County asks me to judicially notice the fact that "the timely access to medical and dental care for urgent conditions has been addressed." [12] at 5 (citing *United States v. Cook County*, 10-cv-2946, Dkt. 373 at 2–3 (N.D. Ill. 2010)). That conclusion was the result of sixteen different reports filed by

4

a federal monitor, each of which contains many pages of findings and conclusions, many of which could be reasonably disputed. There is a "plausible, good-faith" basis to challenge the monitor's conclusions, whether rooted in Curtis's own sworn statements, or the additional evidence he has attached to his response. *See Tobey v. Chibucos,* 890 F. 3d 634, 648 (7th Cir. 2018) ("[c]ourt records, like any other documents, may contain erroneous information").

Moreover, the monitors' reports go beyond the types of "court records" that are typically judicially noticed. *See e.g., Horn v. Duke Homes, Div. of Windsor Mobile Homes, Inc.,* 755 F.2d 599, 607 (7th Cir. 1985) (taking judicial notice of the number of calendar days between two dates). Judicial notice "merits the traditional caution it is given" in part because it "substitutes the acceptance of a universal truth for the conventional method of introducing evidence." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1081 (7th Cir. 1997). *See also Daniel v. Cook Cty.,* 833 F.3d 728, 742 (7th Cir. 2016) ("[j]udicial notice is a powerful tool that must be used with caution").

Cook County's arguments in favor of judicially noticing the federal monitor's reports are unpersuasive. First, even if the monitor's reports were "admissible in a civil case" such as this one, *see Daniel,* 833 F.3d at 739–40 (7th Cir. 2016) (citing *Jordan v. Binns,* 712 F.3d 1123, 1132 (7th Cir. 2013)), they would not be properly considered as part of Cook County's motion to dismiss, which seeks to determine the sufficiency of the well-pleaded allegations in the complaint—not the sufficiency of the underlying facts. *See Reed v. Palmer,* 906 F.3d 540, 549 (7th Cir. 2018). But more

5

importantly, that the reports might be admissible does not mean that they should be judicially noticed; a court may only judicially notice a fact when it is "indisputable," but may admit a disputed fact so that it may be resolved by the trier of fact. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997).

In *Daniel*, the court of appeals declined to take judicial notice of facts found in an Agreed Order from a different case because, although "[c]ourts routinely take judicial notice of the actions of other courts or the contents of filings in other courts," "[t]aking judicial notice of the contents of hearsay statements in such filings to prove the truth of the matters is much harder to justify." *Id.* The court's comments about federal monitor reports pertained to arguments that the reports should be admitted— not judicially noticed—under Federal Rule of Evidence 803(1). *See id.* at 743.

Nor are the reports' application to this proceeding beyond reasonable dispute. *See Gen. Elec. Capital Corp.*, 128 F.3d at 1083 ("[t]he application of a previous finding to a latter proceeding must be beyond reasonable dispute before a court may take judicial notice"). The executive summary of the final report shows that the monitor sampled "a large number of routine and urgent medical and dental sick call requests and verif[ied] that in almost all instances face to face nurse sick call encounters are occurring on the same day or the following day." [12] at 5 (citing *United States v. Cook County*, 10-cv-2946, Dkt. 373 at 2–3 (N.D. Ill. 2010)). It remains possible that Curtis experienced a longer delay—both between his request for care and his face-to-face encounter with a nurse, and between his diagnosis and treatment. Since the reports

are not properly subject to judicial notice and do not fall under any other exception for evidence outside of the pleadings, I decline to consider them.

    **B.**    **Motion to Dismiss**

In order to state a claim against Cook County for a violation of 42 U.S.C. § 1983, Curtis must allege the existence of either:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law"; or (3) an allegation that the constitutional injury was caused by a person with 'final policymaking authority.'

*McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In order to state a claim for a constitutional deprivation based on deliberate indifference under the Fourteenth Amendment, Curtis must show that the harm he suffered was "objectively serious" and that an "official was deliberately indifferent to [his] health or safety." *Bd. v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Curtis has sufficiently alleged the existence of an express policy under the first type of claim described in *McTigue*. Cook County is right that—under the second type of theory described in *McTigue*—a single act of misconduct (or even three) will not suffice to support an inference of an unwritten policy. *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002) ("three incidents were too few to indicate that the City had a widespread custom of which City policymakers had reason to be aware"). For instance, in *Jackson v. Marion Cty.*, the plaintiff had no direct evidence of an unconstitutional policy and was inviting the court to infer from a series of bad acts

7

that the government must have noticed and encouraged a set of constitutional violations because it failed to act to prevent them. 66 F.3d 151, 152 (7th Cir. 1995). In such a case, "proof of a single act of misconduct will not suffice; for it is the series that lays the premise of the system of inference." *Id.*

But Curtis's complaint cannot fairly be limited to a "widespread practice" theory; he alleges the existence of a policy that applied to all of the dental assistants at the jail's dental facility, and that it was this policy that caused his injury. *See, e.g.,* [1] ¶ 7 ("[t]he policy of defendant Cook County and the dentist assigned to each CCDOC dental clinic is to delegate sole responsibility to the dental assistant to review HSRFs and schedule appointments"). His complaint does not specify whether this policy was written or unwritten, but he has put Cook County on notice of the charges against it. *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005) ("a plaintiff must allege only enough to put the defendants on notice and enable them to respond"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

None of the cases that Cook County cites that were decided under Rule 12(b)(6) were based on an allegation that an explicit policy had caused the harm. *See Williams v. City of Chicago*, 525 F.Supp. 85, 88 (N.D. Ill. 1981), *disapproved of by Johnson v. Miller*, 680 F.2d 39 (7th Cir. 1982) (granting city's motion to dismiss but where plaintiff did "not allege[] that the City has enacted a formal policy favoring mistaken arrests"); *Johnson v. Sheriff of Cook Cty.*, No. 15 C 741, 2015 WL 1942724, at *2 (N.D. Ill. Apr. 24, 2015) (granting sheriff's office's motion to dismiss where complaint contained "*no* specific factual allegations against the Sheriff's Office" and

8

where plaintiff made only a "cursory reference to a 'widespread practice' as alleged in another case") (emphasis in original).

The rest of the cases that Cook County cites were based on "widespread practice" theories and were decided on procedural postures not applicable here. [12] at 8–9; *Grieveson v. Anderson* 538 F.3d 763, 774 (7th Cir. 2008) (motion for summary judgment under a "customary practice" theory); *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (motion for judgment as a matter of law under "widespread practice" theory); *Cosby v. Ward*, 843 F.2d 967, 983 (7th Cir. 1988) (involuntary dismissal and widespread practice theory); *Estate of Moreland v. Dieter,* 395 F.3d 747, 759 (7th Cir. 2005) (motion for summary judgment and widespread practice theory); *Sivard v. Pulaski Cty.,* 17 F.3d 185, 188 (7th Cir. 1994) (motion for summary judgment; "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident also includes proof that it was caused by an existing, unconstitutional municipal policy"); *Hossman v. Blunk*, 784 F.2d 793, 796–97 n.6 (7th Cir. 1986) ("[i]t is clear that, at trial, such a custom or policy cannot be inferred from a single deprivation alone," but "[t]his rule apparently does not apply in cases where the policy is express"); *Thompson v. Taylor*, No. 13 C 6946, 2016 WL 5080484, at *7 (N.D. Ill. Sept. 20, 2016) (summary judgment, widespread practice theory).

With regards to "deliberate indifference," the Seventh Circuit has held that "[a]ny tooth abscess is serious," that "any dentist knows that," and that "[a]ny minimally competent dentist who knows that a patient has reported an abscess also

9

knows that if the report is correct the patient needs prompt medical treatment." *Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015). "A dentist demonstrates deliberate indifference by failing to treat the patient promptly, thus prolonging the patient's pain, while knowing that the patient may well be in serious pain that is treatable." *Id.* Curtis alleges that thirty-six days passed between the day Curtis first reported experiencing serious pain and the day his tooth was pulled. *See* [17] at 2–3, 96. Sixteen days passed between the day a dentist diagnosed the abscessed tooth and the day it was pulled. *See* [17] at 3. His complaint states a plausible claim that the harm he suffered was "objectively serious" and that the team of dentists and dental assistants that failed to treat him were deliberately indifferent. 806 F.3d 938 (7th Cir. 2015). *See also Frake v. City of Chicago*, 210 F.3d 779, 782 (7th Cir. 2000) ("[a] finding of deliberate indifference requires a showing that the officials were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger").

Many of Cook County's remaining arguments are directed at the emails, deposition testimony, and evidence from other cases that Curtis mentions in his complaint and attaches to his briefing. But because Curtis's complaint states a plausible claim even without these additional facts and cases, these criticisms are ultimately ineffective.

Many of the other arguments Cook County makes are unpersuasive. For instance, Cook County argues that Dr. Khan's email (which lamented the fact that the scheduling process in 2013 was inefficient) was referencing her own productivity

10

rather than that of the facility where she worked. [19] at 3. But evidence of a dentist's reduced productivity supports a reasonable inference of reduced productivity of the facility where that dentist works and, here, that inference supports Curtis's allegation that his treatment was delayed. *See* [1] at ¶¶ 15–16. Similarly, Cook County argues that an email sent in 2013 "has no bearing on Plaintiff's scheduling in 2018." [12] at 10. But it might, absent corrective measures. Curtis has not alleged that any corrective measures were taken and, instead, alleges that "[d]ental care at the Jail has not improved" since that email was sent. [17] at 3. Curtis might be wrong, and he might not prove his allegation, but that is an issue for another day.

Cook County's citation to apparent contradictions in the pleadings is unpersuasive as well. [19] at 2–3 & n.1. Most of the contradictions that Cook County identifies are not contradictions at all: Dr. Khan can testify about scheduling at the facility even if she was not in charge of scheduling, *see* [19] at 2, n.1, and deficient staffing could have combined with an ineffective scheduling policy to create a constitutional harm; there is no contradiction in supplementing the latter allegation with the former. To the degree that Dr. Khan's email suggests potential alternative (or additional) constitutional explanations for the delay, none of those explanations make implausible Curtis's allegation that, in his case, the delay was caused by an unconstitutional policy. *See id.* As for Cook County's claim that evidence produced in one case cannot be considered as evidence in any other case, *see* [19] at 3, the argument is without legal support and does not reveal an inconsistency in the pleadings.

Also unpersuasive is Cook County's argument that Curtis's complaint relies on the "existence or possibility of other better policies which might have been used." [19] at 4 (citing *Frake v. City of Chicago*, 210 F.3d 779, 782 (7th Cir. 2000)). It does not; it identifies a policy and alleges that, when applied, that policy resulted in a constitutional violation. [1] ¶¶ 6–7, 22; [17] at 5. Curtis's complaint is not dismissed.

## IV. Conclusion

For the foregoing reasons, Cook County's motion to dismiss [12] is denied.

ENTER:

Manish S. Shah
United States District Judge

Date: January 23, 2019